J-A05020-25

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT O.P. 65.37**

| | | |
|---|---|---|
| COMMONWEALTH OF PENNSYLVANIA | : | IN THE SUPERIOR COURT OF PENNSYLVANIA |
| v. | : | |
| ERIC GLEN SHARP | : | |
| Appellant | : | No. 132 WDA 2024 |

Appeal from the PCRA Order Entered December 19, 2023
In the Court of Common Pleas of Venango County Criminal Division at
No(s): CP-61-CR-0000503-2021

BEFORE: MURRAY, J., KING, J., and FORD ELLIOTT, P.J.E.[*]

MEMORANDUM BY KING, J.:                          **FILED: May 30, 2025**

Appellant, Eric Glen Sharp, appeals from the order entered in the Venango County Court of Common Pleas, which denied his timely first petition filed under the Post Conviction Relief Act ("PCRA").[1] We vacate the order, deny counsel's petition to withdraw, and remand for an evidentiary hearing on the issue of whether Appellant requested that counsel file a direct appeal from his sentence.

The relevant facts and procedural history of this case are as follows. On June 7, 2022, Appellant entered a guilty plea to one count of rape at Docket No. 503-2021. On August 29, 2022, the court sentenced Appellant to 25 to 50 years of incarceration. Appellant did not file a notice of appeal.

_____

[*] Retired Senior Judge assigned to the Superior Court.

[1] 42 Pa.C.S.A. §§ 9541-9546.

On December 19, 2022, Appellant timely filed a *pro se* PCRA petition, challenging the discretionary aspects and legality of his sentence, as well as asserting ineffective assistance of counsel due to plea counsel's alleged failure to file a requested direct appeal. The court appointed PCRA counsel and on April 17, 2023, PCRA counsel filed a no-merit letter and motion to withdraw pursuant to **Turner**/**Finley**.[2] On September 21, 2023, the court permitted counsel to withdraw and issued notice pursuant to Pa.R.Crim.P. 907 that it would dismiss Appellant's petition without a hearing. On December 18, 2023, the court formally denied PCRA relief.

On January 9, 2024, Appellant timely filed a *pro se* notice of appeal listing Docket No. 503-2021 as well as another Docket No. 597-2021.[3] On March 26, 2024, the PCRA court conducted a **Grazier**[4] hearing at which Appellant requested counsel. On March 28, 2024, the court appointed current

---

[2] **Commonwealth v. Turner**, 518 Pa. 491, 544 A.2d 927 (1988) and **Commonwealth v. Finley**, 550 A.2d 213 (Pa.Super. 1988) (*en banc*).

[3] The docket reflects that Appellant's notice of appeal was not docketed until January 26, 2024. As Appellant was incarcerated when he submitted this filing, we use the date listed on the certificate of service—January 9, 2024—as the relevant filing date. **See Commonwealth v. Crawford**, 17 A.3d 1279 (Pa.Super. 2011) (explaining that under "prisoner mailbox rule," we deem *pro se* document filed on date it is placed in hands of prison authorities for mailing).

[4] **Commonwealth v. Grazier**, 552 Pa. 9, 713 A.2d 81 (1998).

appellate counsel.[5]  On April 9, 2024, this Court ordered Appellant to file an amended notice of appeal, listing only Docket No. 503-2021, within 14 days. On April 19, 2024, Appellant timely complied, and, that same day, filed a Pa.R.A.P. 1925(b) statement of errors complained of on appeal.

On November 6, 2024, counsel filed an "**Anders**" brief and application to withdraw in this Court.[6]  Before counsel can be permitted to withdraw from representing a petitioner under the PCRA, Pennsylvania law requires counsel to file a "no-merit" brief or letter.  **Commonwealth v. Karanicolas**, 836 A.2d 940, 946 (Pa.Super. 2003).

---

[5] Generally, once a court permits PCRA counsel to withdraw after filing a "no merit" letter, an appellant is no longer entitled to the appointment of counsel on appeal. **See Commonwealth v. Rykard**, 55 A.3d 1177 (Pa.Super. 2012), *appeal denied*, 619 Pa. 714, 64 A.3d 631 (2013) (explaining that when counsel has been appointed to represent PCRA petitioner and that right has been fully vindicated following grant of counsel's petition to withdraw under **Turner/Finley**, court shall not appoint new counsel and appellant must look to his own resources for future proceedings).  In its March 28, 2024 order, the PCRA court incorrectly noted that Appellant was entitled to counsel for this appeal.  Nevertheless, given that Appellant's issues on appeal imply allegations of mental illness, appointment of counsel was appropriate. **See Commonwealth v. Shaw**, 217 A.3d 265, 268 n.3 (Pa.Super. 2019) (noting appointment of appellate counsel was appropriate, even after grant of **Turner/Finley** application to withdraw, where petitioner alleged mental illness and learning disabilities).

[6] **See Anders v. California**, 386 U.S. 738, 87 S.Ct. 1396, 18 L.Ed.2d 493 (1967).  Where PCRA counsel requests to withdraw, the appropriate filing is a "no-merit" letter/brief per **Turner/Finley**. **See Turner, supra**.  Here, counsel mistakenly designated his no-merit brief as one pursuant to **Anders**. Nevertheless, we can accept an **Anders** brief in lieu of a **Turner/Finley** brief where counsel seeks to withdraw on appeal. **See Commonwealth v. Fusselman**, 866 A.2d 1109, 1111 n.3 (Pa.Super. 2004), *appeal denied*, 584 Pa. 691, 882 A.2d 477 (2005).

> [C]ounsel must …. submit a "no-merit" letter to the [PCRA] court, or brief on appeal to this Court, detailing the nature and extent of counsel's diligent review of the case, listing the issues which the petitioner wants to have reviewed, explaining why and how those issues lack merit, and requesting permission to withdraw.

*Commonwealth v. Wrecks*, 931 A.2d 717, 721 (Pa.Super. 2007). Counsel must also send to the petitioner a copy of the "no-merit" letter or brief and motion to withdraw and advise petitioner of his right to proceed *pro se* or with privately retained counsel. *Id.* "Substantial compliance with these requirements will satisfy the criteria." *Karanicolas, supra* at 947.

Instantly, appellate counsel filed with this Court a petition to withdraw and no-merit brief. Counsel's brief and application to withdraw detail the nature of his review and explain why Appellant's claims lack merit. Counsel's brief also demonstrates that he examined the certified record and found no meritorious issues for appeal. Counsel notified Appellant of the request to withdraw and advised Appellant of his rights. Thus, counsel has substantially complied with the *Turner*/*Finley* requirements. *See Wrecks, supra*; *Karanicolas, supra*. Accordingly, we proceed to an independent evaluation of the record. *See Turner, supra* at 494-95, 544 A.2d at 928-29 (stating appellate court must conduct independent analysis and agree with counsel that appeal is frivolous).

Counsel raises the following issues on Appellant's behalf:

> Whether the [PCRA] court erred as a matter of law or abused its discretion in denying [Appellant's] PCRA petition which asserted counsel was ineffective for failing to object to [Appellant's] sentence which was excessive to other

defendants facing the same charge.

Whether the [PCRA] court erred as a matter of law or abused its discretion in denying [Appellant's] PCRA petition which asserted counsel was ineffective for forcing him into a plea when counsel threatened that if [Appellant] did not enter into a plea [Appellant] would get a life sentence.

Whether the [PCRA] court erred as a matter of law or abused its discretion in denying [Appellant's] PCRA petition which asserted counsel was ineffective for failing to get evidence off of [Appellant's] cell phone.

Whether the [PCRA] court erred as a matter of law or abused its discretion in denying [Appellant's] PCRA petition which asserted counsel was ineffective for permitting [Appellant] to enter into a guilty plea when counsel knew that [Appellant] was having a psychotic break.

(No-Merit Brief at 7).[7]

"Our standard of review of [an] order granting or denying relief under the PCRA calls upon us to determine whether the determination of the PCRA court is supported by the evidence of record and is free of legal error." *Commonwealth v. Parker*, 249 A.3d 590, 594 (Pa.Super. 2021) (quoting *Commonwealth v. Barndt*, 74 A.3d 185, 191-92 (Pa.Super. 2013)). "The PCRA court's factual findings are binding if the record supports them, and we review the court's legal conclusions *de novo*." *Commonwealth v. Prater*, 256 A.3d 1274, 1282 (Pa.Super. 2021), *appeal denied*, ___ Pa. ___, 268 A.3d 386 (2021). Further, where the PCRA court makes credibility determinations, we are bound by them if they are supported by the record. *Commonwealth v. Mojica*, 242 A.3d 949 (Pa.Super. 2020), *appeal denied*, 666 Pa. 290, 252

_____

[7] Appellant has not filed a responsive brief, either *pro se* or with new counsel.

- 5 -

A.3d 595 (2021).

As a preliminary matter, to be eligible for PCRA relief, an appellant must demonstrate that the claims he raises were not "previously litigated or waived." 42 Pa.C.S. § 9543(a)(3). This Court will find a claim previously litigated or waived if (i) an appellant previously raised the issue on direct appeal or in a prior PCRA petition; or (ii) if the appellant could have raised it but failed to do so before trial, at trial, during unitary review, on appeal or in a prior state postconviction proceeding. 42 Pa.C.S.A. § 9544. Moreover, claims that have not been previously litigated may be deemed waived for purposes of appeal if a petitioner does not raise them before the PCRA court. *See* Pa.R.A.P. 302(a) (stating: "Issues not raised in the lower court are waived and cannot be raised for the first time on appeal"). If a petitioner fails to raise an ineffective assistance of counsel claim before the PCRA court, that claim is waived and cannot be raised for the first time on appeal to this Court. *See* ***Commonwealth v. Wharton***, 571 Pa. 85, 100, 811 A.2d 978, 987 (2002) (holding appellant waived claim regarding right to counsel where he did not raise issue before PCRA court but raised it for the first time on appeal).

Instantly, we observe that the issues listed in the statement of questions presented in counsel's no-merit brief were not preserved in the PCRA court, as they were raised for the first time in Appellant's Rule 1925(b) statement. Because Appellant failed to raise these claims in the PCRA court, they are waived on appeal. *See* Pa.R.A.P. 302(a); ***Wharton, supra***.

Thus, we proceed to an independent review of the record to determine

if there are any non-frivolous issues that appellate counsel could have raised on Appellant's behalf, that were properly preserved in the PCRA court in the first instance. **See Turner, supra**. Upon our review, we reiterate that in his *pro se* PCRA petition, Appellant alleged, *inter alia*, ineffective assistance of plea counsel based on counsel's failure to file a direct appeal on Appellant's behalf. Specifically, Appellant claimed that he asked plea counsel to appeal at sentencing, and subsequently wrote counsel a letter inquiring if counsel had filed an appeal on his behalf. (**See** PCRA Petition, filed 12/19/22, at 4).

The Pennsylvania Supreme Court has held:

> [W]here there is an unjustified failure to file a requested direct appeal, the conduct of counsel falls beneath the range of competence demanded of attorneys in criminal cases, denies the accused the assistance of counsel guaranteed by the Sixth Amendment to the United States Constitution and Article I, Section 9 of the Pennsylvania Constitution, as well as the right to direct appeal under Article V, Section 9, and constitutes prejudice for purposes of Section 9543(a)(2)(ii). Therefore, in such circumstances, and where the remaining requirements of the PCRA are satisfied, the petitioner is not required to establish his innocence or demonstrate the merits of the issue or issues which would have been raised on appeal.

**Commonwealth v. Lantzy**, 558 Pa. 214, 226-27, 736 A.2d 564, 572 (1999) (footnote omitted). Nevertheless:

> [B]efore a court will find ineffectiveness of trial counsel for failing to file a direct appeal, Appellant must prove that he requested an appeal and that counsel disregarded this request. Mere allegation will not suffice; the burden is on Appellant to plead and prove that his request for an appeal was ignored or rejected by trial counsel.

**Commonwealth v. Harmon**, 738 A.2d 1023, 1024 (Pa.Super. 1999)

(internal citations and footnote omitted). Such a claim cannot be proven without a hearing where the certified record is devoid of any specific reference to the claim. *See Commonwealth v. Rytsar*, No. 405 EDA 2019 (Pa.Super. filed Nov. 27, 2019) (unpublished memorandum) (reversing and remanding for hearing to determine whether appellant requested counsel to file direct appeal; explaining that while appellant has pled ineffectiveness based on counsel's failure to file requested direct appeal, she cannot prove her claim without hearing, as certified record is devoid of any specific reference to this claim). *See also* Pa.R.A.P. 126(b) (stating we may rely on unpublished decisions of this Court filed after May 1, 2019 for persuasive value).

Instantly, the PCRA court stated: "PCRA counsel contacted plea counsel, Chief Public Defender Jeffrey Misko, who maintained he was not asked by [Appellant] to file an appeal and would have had [Appellant] requested." (PCRA Court Opinion, 9/21/23, at 5). Unlike in *Rytsar*, there were references to this claim of ineffectiveness in the record. Nevertheless, an examination of the record reveals only that PCRA counsel stated: "[Plea] Counsel maintained that he was not told by [Appellant] to file an appeal, stating that if he had done so, [Plea] Counsel would have filed an appeal." (*See* Motion to Withdraw, 4/17/23, at 6) (unpaginated). Notably, this assertion is not accompanied by an affidavit from plea counsel or any other documentation. Thus, we cannot agree that the PCRA court's credibility determination is supported by the record. *See Mojica, supra*.

Further, we observe that the PCRA court stated that because Appellant's

underlying legal claims were without merit, plea counsel could not have been ineffective for failing to file a requested direct appeal in any event. (**See** PCRA Court Opinion at 5). However, under **Lantzy**, where the remaining requirements of the PCRA are satisfied, "the petitioner is not required to establish his innocence or demonstrate the merits of the issue or issues which would have been raised on appeal." **Lantzy, supra** at 226-27. Whether or not the underlying claims had merit is not at issue. **See id.** Under these circumstances, we vacate the order denying PCRA relief and remand for a hearing on the issue of plea counsel's alleged failure to file a requested direct appeal. **See Rystar, supra**. We further deny counsel's petition to withdraw at this juncture.

Order vacated. Case remanded for proceedings consistent with this memorandum. Jurisdiction relinquished.

Judgment Entered.

Benjamin D. Kohler, Esq.
Prothonotary

DATE: 05/30/2025